Louis L. Friedman, J.
Petitioner moves for an order compelling the respondents, constituting the Board of Elections of the City of New York, to order the use of regular election voting machines for the primary election to be held on August 12,1958, and for a further order directed against the Board of Estimate of the City of New York “ compelling ” said board “ to appropriate all the necessary funds for the conversion, transportation, and all other necessary costs required by the use of said machines ’
In opposition the respondents, through the Corporation Counsel of the City of New York, raise two preliminary objections. The first objection is that this motion may not be heard in the Supreme Court, Kings County, because section 1287 of the Civil Practice Act provides that proceedings of this nature must be brought within the judicial district which embraces the county wherein the determination sought to be reviewed was made. The court is of the opinion that as to the Board of Elections, the technical objection must be overruled since the Board of Elections has an office within the County of Kings. As to the Board of Estimate, the position of the Corporation Counsel would be well taken if the board had considered the matter of appropriating the necessary funds and had refused to do so. However, there is nothing in the petitioner’s papers which indicates that the board has ever acted upon this matter. Under the circumstances, since the respondent board has not “made the determination complained of ”, there is no necessity that the proceeding be brought within the County of New York. Accordingly, the application will be determined upon its merits.
Essentially, what petitioner seeks by the present application is an order ■ directing the court to substitute its opinion for the opinion of those who are charged with the duty of making the determination as to the manner in which primary elections shall *199 be conducted. The present application arises from the enactment of section 242-a of the Election Law by the Legislature in 1954. Sections 242 and 242-a both refer to the use of voting machines. Section 242 refers to the use of voting machines at a general election, and the language of that section is explicit that in the City of New York, the Board of Elections shall use such voting machines. Section 242-a however, enacted in 1954, is permissive and provides that the Board of Elections ‘ ‘ may ad.opt the use of voting machines for any primary election or elections in any or all parts of such city or county ”. (Emphasis supplied.)
The use of the word “ may ” and its legal effect were passed upon by the Court of Appeals in 1957. In Matter of Klein v. Power (7 Misc 2d 794, affd. 4 AD 2d 828, affd. 3 N Y 2d 889), the court held that the language of section 242-a conferred discretionary power on the Board of Elections to use voting machines at a primary election, and that the language of the statute was not intended to be mandatory. The decision in that case is determinative of the question now before this court, and since there is nothing in the petitioner’s papers submitted herein which shows even prima facie that the action of the respondents was arbitrary or capricious, there seems to be no basis for the making of the order sought herein.
It was obvious from the argument presented to the court, that the purpose of the present application was purely political and that petitioner made the application for the purpose of securing newspaper publicity therefrom. Such actions must be frowned upon by the court, since the sole ground for the relief sought should be where a proposed candidate’s legal rights have been violated somehow by action of the Board of Elections. The courtroom should not be used as a forum for political speeches.
Petitioner fails to .state in his moving papers how the many problems which would be raised by the granting of the present application, would be solved. There is nothing before the court which indicates how the necessary funds would be raised if appropriated by the Board of Estimate, and the court must take judicial notice of the budgetary problems now being encountered by those who are charged with the responsibility for running the city. Nor is there any explanation or .suggestion as to how the machines could be so mechanized that a voter of one party would be unable to vote for a candidate of any other party. Subdivision 2 of section 242-a refers to machines which are equipped with a mechanism whereby a voter may be so prevented from voting for a candidate of some other party. Even though petitioner asks that the voting machines be used for the limited purpose of *200 the primary election for contested designations in the 21st Assembly District, no suggestion or explanation is given as to the problem of the use of additional inspectors of election, such as was the case when councilmanic candidates were elected under proportional representation which was in effect some years ago. The court takes judicial notice that at that time, when paper ballots were used for the election of such councilmen and voting machines were used for the election of all other candidates, it was necessary that the Board of Elections designate two additional inspectors of elections (one for each of the major parties), so that the personnel would be available to take care of the additional voting booth required, and the control of the paper ballots. If the petitioner’s suggestion with respect to the use of voting machines were to be followed, a voter in the 21st Assembly District (and probably in all other districts where similar applications would be made) would have to vote twice. One such vote would be within the voting machine itself and the other vote would be in another booth where paper ballots would be used for the remaining candidates who were to be voted upon during* the said primary election. At a primary election, the voters select candidates for not only public office, but also for party positions, and the use of voting machines without proper safeguards would lead to confusion of all kinds.
It was the intention of the Legislature (and this court was a member of the Legislature when § 242-a was enacted) to wisely give the discretionary power to the Board of Elections to decide when and if voting machines should be used at primary elections. Many practical difficulties must be first solved before such voting machines can be used, and while the court feels that the use of voting machines would be a desirable change during the conduct of primary elections, it is the Board of Elections upon whom the decision must rest as to when and under what "safeguards such machines may be used; and it is the Board of Estimate with whom the decision lies as to what funds should be appropriated for such use and the manner of raising the necessary moneys therefor.
Other practical difficulties suggest themselves to the court, but it is unnecessary to further prolong this opinion with a recital of them. Suffice it to say, as indicated above, that there is nothing before the court which indicates that petitioner is entitled to the relief sought herein or that the actions of the Board of Elections have been in any wise arbitrary or capricious.
Under the circumstances, the application is in all respects denied.
Submit order.