Thomas C. Chimera, J.
The reasons that impel the substitution of voting machines for paper ballots in primary contests in the Boroughs of Manhattan and Queens in the City of New York are certainly no more compelling than those obtaining in contests in other boroughs. The peculiarities sought to be guarded against are common to all primary election contests. The matter, however, still remains in the sound discretion of the Board of Elections.
The provisions of section 242-a of the Election Law, among other things, leave to the Board of Elections of the City of New York the choice whether voting machines shall be used where primary election contests are indicated and it is settled that the board may not be compelled to furnish them if it elects not to do so. (Matter of Klein v. Power, 7 Misc 2d 794, affd. 4 A D 2d 834, affd. 3 N Y 2d 890; Matter of Kaufman v. Board of Elections, 14 Misc 2d 197.)
Petitioners in their argument suggest that the discretion of the board is limited to whether the machines shall or shall not be used in contested primary elections and is not broad enough to permit the board to use machines in some political subdivisions and not in others where contests are indicated.
The intention of the Legislature is found in the express language of section 242-a (supra) which reads in part as follows: “ § 242-a. Use of voting machines at primaries. 1. The board of elections * * * may adopt the use of voting machines for any primary election or elections in any or all parts of such city or county ” (emphasis ours).
This court takes judicial notice of the experimental nature of the declared intention of the Board of Elections, the time element, the budgetary problems and the mechanical and manpower equations that must be considered by it before a general transition from paper ballots to machines throughout the City of New York can be successfully accomplished.
If the discretion exercised by the board must be overturned such a decision must be based on something more than a showing that the desired relief is salutary. The argument that the installation of voting machines here presents no extra burden, financial or otherwise, is unrealistic and therefore unacceptable.
*495 In the absence of a showing of arbitrary or capricious acts this court may not substitute its judgment for the discretion of the Board of Elections, and, accordingly, the petition is dismissed.